UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK HAMILTON,

    Plaintiff,

v.                                                                                        Case No. 8:19-cv-2647-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of his claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1970, has a limited education, and has past relevant work experience as a sandblaster/paint sprayer. (R. 111). In May 2016, the Plaintiff applied for DIB and SSI alleging disability as of December 9, 2015, due to ruptured discs in his back. (R. 203–13, 235). The Social Security Administration (SSA) denied the Plaintiff's applications both initially and on reconsideration. (R. 78–79, 96–97).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on July 10, 2018. (R. 20–61). The Plaintiff was represented by counsel at that hearing and testified on his own behalf. *Id.* A vocational expert (VE) also testified. *Id.*

On October 31, 2018, the ALJ found that the Plaintiff: (1) met the insured status requirements through December 31, 2020, and had not engaged in any substantial gainful activity since his alleged onset date of December 9, 2015; (2) had the severe impairments of morbid obesity and degenerative disc disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a limited range of sedentary work;[1] and (5) based on the VE's testimony, could not engage in his past relevant work but was capable of making a successful adjustment to other jobs that exist in significant numbers in the national economy. (R. 103–13). Based on these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 112–13).

---

[1] In particular, the ALJ found that the Plaintiff could lift and carry ten pounds occasionally and less than ten pounds frequently; could stand and walk for two hours in an eight-hour workday; and could sit for six hours in an eight-hour workday, with an option to sit/stand every twenty to thirty minutes while remaining at his workstation. (R. 107). The ALJ also determined that the Plaintiff could push/pull with his upper extremities but could not pull with his lower extremities; could occasionally climb, balance, kneel, stoop, crouch, and crawl; could not climb ladders, ropes, or scaffolds; and must avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, hazardous machinery, and unprotected heights. (R. 107–08).

2

The Appeals Council denied the Plaintiff's request for review. (R. 1–7). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

engage in his past relevant work; and (5) can perform other jobs in the national economy given his RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove he cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

     A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. ___, 139 S.

4

Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court may not decide the facts anew, make credibility determinations, or re-weigh the evidence. *Ross v. Comm'r of Soc. Sec.*, 794 F. App'x 858, 860 (11th Cir. 2019) (per curiam) (quoting *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to [his] factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)).

### III.

The Plaintiff raises two challenges on appeal: (1) the ALJ failed to fully and fairly develop the record by not ordering a psychological consultative examination (CE) regarding the Plaintiff's alleged mental impairments; and (2) the Appeals Council erred in not considering new evidence submitted by the Plaintiff—namely, a December 27, 2028, mental RFC assessment of the Plaintiff completed by a psychiatrist, Dr. B.S. Bedi. (Doc. 23). Each of these arguments is addressed in turn below.

### A.

Because Social Security proceedings are inquisitorial rather than adversarial, an ALJ has a basic and firmly-established duty to develop a full and fair record of the facts relevant to a claimant's application for benefits. *Washington*, 906 F.3d at 1364; *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007). This duty,

5

however, does not obligate an ALJ to order a CE wherever there is evidence that a claimant may suffer from a particular impairment. Instead, an ALJ "may purchase a [CE] to try to resolve an inconsistency in the evidence, or when the evidence as a whole is insufficient to support a determination or decision on [a] claim." 20 C.F.R. § 416.919a. Importantly, the ALJ need not exercise this discretion in favor of ordering a CE "as long as the record contains sufficient evidence for [him] to make an informed decision." *Ingram*, 496 F.3d at 1269 (citing *Doughty*, 245 F.3d at 1281); *see also Nation v. Barnhart*, 153 F. App'x 597, 598 (11th Cir. 2005) (per curiam) ("The ALJ is not required to seek additional independent expert medical testimony before making a disability determination if the record is sufficient and additional expert testimony is not necessary for an informed decision.") (citations omitted).

    A claimant seeking remand where an ALJ has declined to order a CE must show not only that the ALJ erred in doing so, but also that the claimant was harmed by the ALJ's decision. *See Mosley v. Comm'r of Soc. Sec.*, 633 F. App'x 739, 742 (11th Cir. 2015) (per curiam) (citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995)). Only where "the record reveals evidentiary gaps which result in unfairness or clear prejudice" may a court find that remand is appropriate. *Id*. (quoting *Brown*, 44 F.3d at 935); *see also Goode*, 966 F.3d at 1280 (observing that "'[r]emand for further factual development of the record . . . is appropriate where the record reveals evidentiary gaps which result in unfairness or clear prejudice'") (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)). Ultimately, the claimant bears the burden of

6

proving he is disabled and must therefore produce adequate evidence to support his application. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

In this case, the Plaintiff has not made the requisite showing to prevail on his claim that the ALJ failed to develop the record by not ordering a mental CE. At the July 10, 2018, ALJ hearing, Plaintiff's counsel explained that the Plaintiff had recently begun seeing Dr. Bedi but was having difficulties obtaining legible notes from him. (R. 25). The ALJ responded:

> I'd be willing to leave the record open for a couple of weeks, see if we can get those records in, see what they look like . . . . And if they look like they're completely illegible, as I would expect, when we receive those in, if you will submit a request for a CE . . . I will accept that . . . . And I will send him out for it.

*Id.*

Approximately three weeks after the hearing, on August 2, 2018, counsel wrote to the ALJ that he was unable to secure Dr. Bedi's records and, as a result, requested that the ALJ either subpoena those materials or order a CE. (R. 289). The ALJ specifically addressed this request in his decision:

> The claimant's representative submitted a brief requesting that the undersigned issue a subpoena for psychiatric records. This request is denied for several reasons. First, the medical evidence of records shows that the requested records have been submitted and made a part of the record at [Exhibit] 15F. . . . The undersigned also notes that the representative requested that the claimant be sent for a psychological [CE]; however, the undersigned finds that this examination is not necessary as the limited medical evidence concerning the claimant's

7

>alleged mental impairments shows that his alleged conditions are non-severe as discussed more fully below.

(R. 103) (internal citations omitted). The ALJ then went on to discuss the portions of Dr. Bedi's medical file before him, noting, *inter alia*, that "Dr. Bedi treated the claimant on three occasions and [his] treatment notes show that the claimant was within normal limits in all respects." (R. 106).

Against this backdrop, the Plaintiff fails to show that the record required further development in order for the ALJ to make an informed decision. In particular, he does not identify any inconsistencies or gaps in the evidence sufficient to trigger the ALJ's duty to order a CE. Nor does he point to any unfairness or clear prejudice stemming from any such purported evidentiary deficiencies. As a result, his argument that remand is necessary is without merit. *See Sarria v. Comm'r of Soc. Sec.*, 579 F. App'x 722, 724 (11th Cir. 2014) (per curiam) (affirming ALJ's decision not to order additional medical examination where medical records, reports from treating therapists, assessments of agency physicians, and plaintiff's self-assessments provided sufficient basis for disability determination).

B.

The Plaintiff's second claim of error—that the Appeals Council was obligated to consider Dr. Bedi's December 27, 2018, mental RFC assessment of the Plaintiff—likewise provides no cause for remand. Aside from a few exceptions not relevant here, a claimant may submit additional evidence at each stage of the administrative

8

proceedings, including to the Appeals Council. *Id.* The Appeals Council is required to subsequently evaluate such evidence if it is "new, material, and chronologically relevant." *Ingram*, 496 F.3d at 1261 (citing 20 C.F.R. § 404.970(b)). "New" evidence refers to evidence that was not previously before the ALJ. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Evidence is deemed "material" if it "is 'relevant and probative so that there is a reasonable possibility that it would change the administrative result.'" *Stone v. Soc. Sec. Admin.*, 658 F. App'x 551, 553 (11th Cir. 2016) (per curiam) (quoting *Milano v. Bowen*, 809 F.2d 763, 766 (11th Cir. 1987)). And, evidence is considered "chronologically relevant" if it relates to the period on or before the date of the ALJ's decision. *Washington*, 806 F.3d at 1322–23; *Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 864 (11th Cir. 2017) (per curiam) (citing *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1322 (11th Cir. 2015)).

Where a claimant properly presents new evidence to the Appeals Council and the Appeals Council thereafter declines to entertain the claimant's appeal, "a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." *Ingram*, 496 F.3d at 1262. Remand is warranted only when a claimant submits new evidence to the Appeals Council that the Council did not adequately evaluate in rejecting the claimant's request for review. *Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 902 (11th Cir. 2013) (per curiam) (citing *Ingram*, 496 F.3d at 1268); *see also Washington*, 806 F.3d at 1321 ("[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate.").

Accordingly, "[t]o obtain . . . remand, the claimant must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." *Timmons*, 522 F. App'x at 902 (citing *Ingram*, 496 F.3d at 1266–67).

The Plaintiff has not met his burden on this issue either. In refusing to review the ALJ's decision, the Appeals Council explained that Dr. Bedi's December 27, 2018, mental RFC evaluation was performed approximately two months after the ALJ issued his decision on October 31, 2018, did not pertain to the period in question, and thus did not affect the ALJ's disability determination. (R. 2). Although the Plaintiff urges that this finding was unreasonable given that Dr. Bedi's opinion was rendered relatively soon after the ALJ's decision, the Plaintiff presents no basis for remand. Notably, nothing in Dr. Bedi's assessment indicates that the Plaintiff's alleged mental limitations related back to the time on or before the ALJ's disability finding. As a result, the Court concludes that the new evidence submitted to the Appeals Council does not materially undermine the ALJ's decision, and that the Appeals Council therefore did not err in denying review of the Plaintiff's claim after receiving this additional evidence.

### IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2.	The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 15th day of January 2021.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record